

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

Honorable George H. Sheppard,
Comptroller of Public Accounts,
Austin, Texas.

Dear Mr. Sheppard:

Opinion No. O-5309
Re: Liability of Defense
Plant Corporation, War
Emergency Pipelines, Inc.,
and their contractors for
tax imposed upon the use
of motor fuel in Texas by
Chapter 184, Article XVII,
Acts 1941, 47th Legisla-
ture and related questions.

In your letter of May 15, 1943 you give us certain
facts which may be summarized as follows:

The Defense Plant Corporation, a federal instrumen-
tality, created under Section 606b, 15 U. S. C. A. "in order
to aid the Government of the United States in its national
defense program," has made certain contracts with War Emer-
gency Pipelines, Inc., a Delaware Corporation, for the con-
struction of two pipelines from Texas to the Eastern Seaboard.
The Government is financing the construction of such pipelines,
and is the owner thereof. The Emergency Pipelines, Inc. was
organized for the purpose of cooperating with the Government
in the construction of such lines, but has no property rights
therein. According to the terms of such contracts, the Emer-
gency Pipelines, Inc. may employ such contractors and engineers
and enter into such agreement with them as it deems advisable,

in the name of the Defense Plant Corporation, and purchase machinery and equipment necessary for the project, subject to the written approval of the Defense Plant Corporation.

In all of its operations under such contract, the Emergency Pipelines, Inc. acts as agent for the Defense Plant Corporation. The Defense Corporation leases motor vehicles, which are used by the Emergency Pipelines, Inc., and certain contractors of the Defense Corporation in the construction of such pipelines. Some of these leased vehicles are used upon the public highways of the State of Texas. Other motor vehicles are leased by contractors from their owners and are used in the construction work, but the Defense Corporation reimburses such contractors for the rentals paid by them.

You request our opinion upon the following questions:

1. Is the Defense Plant Corporation liable to the State of Texas for the tax imposed upon motor fuel used upon the public highways of this State in vehicles leased by it and used by the Emergency Pipelines, Inc. and its other contractors in the construction of its pipelines?

2. Is the Emergency Pipelines, Inc. liable to the State of Texas for the use tax imposed upon motor fuel used upon the public highways of this State in vehicles leased by the Defense Plant Corporation and used by the Emergency Pipelines, Inc. and the Defense Plant Corporation's contractors in the construction of such pipelines?

3. Are the contractors liable to the State of Texas for the use tax imposed upon motor fuel used upon the public highways of this State in vehicles leased by them from third persons and used in the construction of the pipelines for the Defense Plant Corporation, where such corporation reimburses such contractors for rentals paid the owners of such vehicles?

Hon. Geo. H. Sheppard, Page 3

We answer your first question, no.

The Defense Plant Corporation was organized under Section 606b, Title 15 U. S. C. A. The purpose (as stated in the Act) was: "In order to aid the Government of the United States in its national defense program . . ." Section 610 expressly provided that such corporation should be exempt from all sales, use, storage, and purchase taxes imposed by the United States, or by any State, County, municipality, or local taxing authority. Real property of the Corporation was made subject to State, County, municipal, or local taxation "to the same extent according to its value as other real property is taxed."

Aside from this express congressional exempting from taxation, we are of the opinion that the Defense Plant Corporation would have the same exemption upon the doctrine of implied constitutional immunity of the Federal Government and its instrumentalities from state taxation. McCulloch v. Maryland, 4 Wheat. 316, 4 U. S. (L. Ed.) 579; 26 R.C.L. 95.

The legal incidence of our motor fuel tax is upon the ultimate user or consumer of the motor fuel for the propulsion of motor vehicles upon the highways of the State of Texas, and not upon the seller or vendor of motor fuel. Article 7065b-2(a) V. A. C. S. Section 2(d) provides:

"No tax shall be imposed upon the sale, use, or distribution of any motor fuel, the imposing of which would constitute an unlawful burden on interstate commerce and which is not subject to be taxed under the Constitution of the State of Texas and the United States." (Emphasis ours).

In Federal Land Bank of Saint Paul v. Bismark Lumber Co., 314 U. S. 95, 86 L. Ed. 65, the Court said:

"The Federal Government is one of delegated powers, and from that it necessarily follows that any constitutional exercise of its delegated powers

Hon. Geo. H. Sheppard, Page 4

is governmental . . . . It also follows that when Congress constitutionally creates a corporation through which the Federal Government lawfully acts, the activities of such corporation are governmental. . . ."

And in Pittman v. Home Owners' Loan Corporation, 308 U. S. 21, 84 L. Ed. 11, 60 S. Ct. 15, 124 A. L. R. 1263, the Court said:

"Congress has not only the power to create a corporation to facilitate the performance of governmental functions, but has the power to protect the operations thus validly authorized. 'A power to create implies a power to preserve.' M'Culloch v. Maryland, supra (4 Wheat. p. 426, 4 L. Ed. 606). This power to preserve necessarily comes within the range of the express power conferred upon Congress to make all laws which shall be necessary and proper for carrying into execution all powers vested by the Constitution in the Government of the United States. Const. Art. 1, Sec. 8 . . . . In the exercise of this power to protect the lawful activities of its agencies, Congress has the dominant authority which necessarily inheres in its activities within the national field . . . . The exercise of this protective power in relation to state taxation has many illustrations." (Emphasis ours).

Congress has the power to "provide for the common Defense . . . of the United States." Const. Art. I, Sec. 8. It is submitted that this function is governmental. The Federal Government has chosen to perform this function at least partially through the Defense Plant Corporation. Such corporation's activities must be regarded as governmental, and entitled to immunity from state taxation.

No tax is due upon a sale of motor fuel to the Defense Plant Corporation. The purchases of motor fuel by the Emergency Pipelines, Inc. is in its capacity as agent for the Defense Plant Corporation. The motor fuel is actually paid

Hon. Geo. H. Sheppard, Page 5

for and is the property of the Defense Plant Corporation. The fact that it allows this gasoline to be used in leased vehicles upon the highways of the State of Texas by the Emergency Pipelines, Inc. and its other contractors in the construction of these pipelines does not make it liable for the use tax because it is still discharging its Federal functions.

We answer your second question, no. Since the War Emergency Pipelines, Inc. is acting as an agent for the Defense Plant Corporation in all of its operations, we are of the opinion that it is not liable for the use tax imposed upon motor fuel used upon the public highways in the State of Texas. The motor fuel belongs to the Defense Corporation. It furnishes the Emergency Pipelines, Inc. and its other contractors with motor vehicles for their use in the construction of its pipelines. Since the use of such motor vehicles by such contractors is for the sole benefit of the Defense Plant Corporation, which is expressly exempted from the payment of motor fuel taxes, and is engaged in the discharge of a federal function, we do not think that such contractors are liable for the use tax.

We are unable to answer your third question because we do not have sufficient facts upon which to base our opinion. If the motor fuel is supplied these contractors by the Defense Plant Corporation under its contract, and no title to such motor fuel ever vests in these contractors, then we can not see how the contractors would be liable for the payment of the motor fuel tax. On the other hand, if these contractors purchase the motor fuel and use it upon the highways of Texas in vehicles leased from third persons, then we believe that such contractors would be liable for the motor fuels tax regardless of whether they are reimbursed for the rentals paid for these vehicles or not. We will be glad to give you a more definite answer to this question if you will supply us more facts.

Trusting that the above fully answers your questions, we are

APPROVED SEP 11, 1943

Gerald C. Mann
ATTORNEY GENERAL OF TEXAS

Yours very truly

ATTORNEY GENERAL OF TEXAS

BY Thos. B. Duggan, Jr.
Assistant

APPROVED
OPINION
COMMITTEE

TBD:fo